Judge Mills
delivered the Opinion of the Court.
This is an action of assumpsit on promise to marry, and a verdict and judgment for the plaintiff below; to reverse which, this v„ m of error is prosecuted.
There was a demurrer to the declaration ib-o t: ie-.'i and overruled. We perceive no defect in file declaration. The three counts are drawn according to the most approved forms, and the two last are valid beyond controversy.
Besides the plea of non-assumpsit, the defendant pleaded that llie contract was in parol only, and relied on the statute to prevent frauds and perjuries, and this plea on demurrer was held ill. It has never been held, that the words of that statute, “any agreement made upon consideration of marriage,” meant or included promises to marry. It would be imputing to the legislature too great an absurdity, to suppose that they had enacted that all our courtships, to be valid, must he in writing.
The defendant pleaded, or rather attempted to plead, the statute of limitations, and there was no replication to that plea, and this is relied on to reverse the judgment. If the plea had been good, the want of a replication thereto, according to previous decisions, might have been fatal.
But the plea is, that the defendant did not assume within live years, instead of actio non accrecit, the action did not accrue within five years before the emanation of the writ. Now it is evident that the statute did not begin to run from the making of the promise, but from the breach of it, and the plea is therefore wholly immaterial, and it would lie absurd to reverse the judgment, because the plaintiff did not answer an invalid plea.
The remaining question is made on the admission of evidence. The plaintiff introduced a physician *95 as a witness, who among other things, stated that he had attended upon and prescribed for the plaintiff during her pregnancy. He was interrogated by the defendant’s counsel, whether lie had not prescribed for some other disease besides pregnancy, to which the witness answered that he had, and the only knowledge that she had any other disease w;.s derived from the plaintiff herself, which induced him thus to prescribe. The defendant’s counsel ceased the interrogation here, declaring that he did not want or intend to make use of any of the declarations in communcicatians of the plaintiff to the witness shewing that she had such other disease. The counsel for the plaintiff insisted that as thedeiencant’s counsel had gone thus far, and elicited the fact that the plaintiff had some other disease, by her own communications, he had a right to bring out the whole of that communication of the plaintiff at the same time that she communicated that fact to the physician. This was objected to by defendant’s counsel; but the court overruled the objection, and the physician answered, that the communication of the plaintiff which disclosed to him that she had another disease, also informed him that the disease was the venereal, and that it had been communicated to her by the defendant. To this decision of the court, an exception was taken.
Question of evidence stated.
Where oné parly gives in evidence a statement of his adversary, the whole conversation is made evidence.
The rule, that when one party attempts to avail himself of the declarations or admissions of his adversary,he must take all made at the same time, is well settled and well understood; hut the difficulty here consists in determining whether this case comes within the rule, and whether it does or does not, it must be confessed that it is near the boundary line; and on due consideration, we are of opinion that it comes within it. It seems to be clearly the intention of the defendant, to avail himself, in excuse or mitigátion of damages, of the fact that the plaintiff had another disease, while that fact rested on her own confessions, or private communications to her physician. Thus far and no farther, he was satisfied to have it, and it is easily seen how it might be thence inferred that this disease was of an impure character, and therefore the defendant might be excused from mai *96 rving her. If on the contrary, the same declaration imputed that impurity to her illicit connexion with the defendent, it is easily perceived that it aggravated his offence.
Crittenden and Daviess, for appellant; Hctggin, for appellee.
Under such circumstances, the defendant ought not to have been permitted to avail himself of the existence of the fact, resting exclusively on her own communication, without taking the communication disclosing it entirely, and the court therefore did not err in permitting it.
Judgment affirmed, with costs and damages.